Johnson, Chancellor.
The Court instruct me to say, that they concur in the decree of the Circuit Court, except so far as it goes to discharge the plaintiff from his liability for the hire of the negroes while in his possession, from the time of the rendition of the verdict in the action of detinue, at the suit of Middleton M’Donald, jr. against the plaintiff, until they were delivered to the said Middleton M’Donald ; and so far as the decree charges the defendant with the hire of the negroes in his possession from the time of filing the bill. On the first of these points, the Court is of opinion that the plaintiff is bound to account for the hire ^le negroes during the time they remained in his possession after the verdict; and in this opinion I entirely concur, and should have so decided, if the fact that the negroes did remain in his possession, had been brought before me on the Circuit. I do not know now how the fact is, and the counsel differ about it: the truth will be ascertained on a reference. On the second point, the Court have instructed me to say, that the liability of the defendant extends only to the legacy in specie which he has received, and that he is not liable to account for the hire of the negroes, even after the filing of the bill; and in these respects the decree of the Circuit Court must stand corrected and reformed.
On the argument of the cause here, the counsel have, for the purpose of putting a final end to all litigation between the parties, conceded that the defendant is in possession of another negro called Ben, part of the legacy to his wife Tirza, under the will of Middleton M’Donald, sen.; and that the plaintiff is now, and has been for a long time in possession of another negro called Mary, part of the said legacy; and have consented that the rights of the parties in these negroes should be adjusted in this cause, although their names have been accidentally omitted in the pleadings.
The negro, Ben, is certainly subject to the payment of the plaintiff’s demand, on the same principles that the other negroes of the legacy are held to be so ; and the plaintiff is chargeable with the value and hire of the negro, Mary, on the same.principle that he is held liable for the hire of the other slaves.
It is therefore ordered and decreed, that so much of the Circuit Court decree as directs the defendant to account for the hire of the negroes in his possession, be set aside and reversed; and that the plaintiff do account for the hire of the negroes mentioned in the bill, from the time of the rendition of the verdict in the action at law against him at the suit of Middleton M’Donald, jun., executor of Middleton M’Donald, sen., until they were delivered to the said Middleton M’Donald, jun., or to some one else authorized to receive them ; and that he do also account for the value of the negro, Mary, and for her hire during the time he has had her in possession, the amount thereof to be credited to the balance due on his judgment against Dunovant and Kidd, executors of Middleton M’Donald, jun.
*In concurring in the decree of the Circuit Court on the ques-*461] tion arising out of the statute of limitations, the Court desire not to be understood as laying down the rule broadly, that a legatee will in *357 no case be protected by the statute against the claims of the creditors of th e testator; on the contrary, it is thought, that if the creditor is guilty of neglect in the prosecution of his demand against the executor, the legatee would be protected by the principle, if not the letter, of the statute.
Chancellors He Saussure and Harper, and Justices O’Neall, Richardson, Evans, and Butler, concurred.
Chancellor Johnston having been of counsel in the case, gave no opinion.